Argued May 23, affirmed September 17, 1979

# GERLINGER INDUSTRIES CORP.,
*Respondent,*

*v.*

# OREGON DEPARTMENT OF TRANSPORTATION, HIGHWAY DIVISION,
*Defendant,*
*and*
# GORDON H. BALL, INC.,
*Appellant.*

(No. 92068, CA 12306)

600 P2d 428

Nancy Tauman, Oregon City, argued the cause for appellant. With her on the brief were James C. Tait and Hibbard, Caldwell, Canning, Bowerman & Schultz, Oregon City.

Bruce Williams, Salem, argued the cause for respondent. With him on the brief was Williams, Spooner & Graves, Salem.

Before Thornton, Presiding Judge, and Buttler and Joseph, Judges.

THORNTON, P. J.

## THORNTON, P. J.

Gordon H. Ball, Inc. (Ball), a highway contractor for defendant Oregon Department of Transportation, appeals from a verdict and judgment for plaintiff for negligently causing damage to plaintiff's land, a three acre parcel, in the course of widening Interstate Highway No. 5. Most of Ball's contentions on appeal focus on the testimony of the plaintiff's president, John Kitzmiller, Jr., who was plaintiff's only witness as to the amount of damages.

Ball assigns as error the following:

1) Denying Ball's motion for a directed verdict.

2) Overruling Ball's objection to testimony by plaintiff's president as to the value of the property after the erosion.

3) Denying Ball's motion to strike the above testimony.

### SUMMARY OF ESSENTIAL FACTS

Ball was the general contractor employed by defendant Oregon Department of Transportation to widen and improve Interstate 5 near Salem, including a portion adjacent to plaintiff's property. Construction in the area began in late April or May of 1973.

The evidence showed that a general labor strike closed down the entire road job from June 1 to August 1, 1973, and again for 10 to 12 days beginning August 10, 1973, with the result that Ball was prevented from accomplishing the necessary erosion prevention measures before the fall rains commenced. The deposit of quantities of silt from the highway fill onto plaintiff's property resulted. Also, there was evidence that there had been an abnormal amount of rainfall during the fall and winter months, which had increased the erosion of the new fill.

Plaintiff claimed that Ball was negligent in failing to take necessary safeguards to prevent erosion and in

[105]

failing to construct a fill with the proper quantity of fill material. Plaintiff was awarded damages for deposits of silt washed down upon its land. At the conclusion of trial, a directed verdict was granted in favor of the defendant Department of Transportation on the ground that plaintiff had not given proper notice under the Tort Claims Act.

Ball contends that the court should have directed a verdict in its favor for two reasons: (1) there was no evidence that the damage was caused by Ball's negligence, and (2) the evidence of defendant's damages was speculative.

The principal witness for plaintiff was Mr. Kitzmiller. He testified that the firm started to build a cast foundry on the site in 1973 but that construction was terminated because of financing problems. The planned foundry was completed in 1976, but not on this site. The decision to build elsewhere had nothing to do with the erosion problem.

Plaintiff sought to elicit an opinion from Kitzmiller as to the fair market value of the property based on his position as president. When Ball objected, Kitzmiller was qualified by showing that he holds a Bachelor of Science Degree in Finance and Industrial Engineering from the University of Oregon and that he had been involved in several property acquisitions for plaintiff in Marion County over a period of 15 years. The trial judge then permitted him to give his opinion that the fair market value of the land before the erosion problem was $18,000. The witness was allowed over Ball's objection to testify that in his opinion the property was worth only $12,000 after the erosion. He was not allowed, however, to testify as to the prior expenses of plaintiff in developing the site for the proposed foundry.

During cross-examination Kitzmiller indicated that the amount paid by plaintiff for leveling and bringing it to grade was a factor in his opinion as to the value of

the property after erosion. Ball's motion to strike the testimony of after-damage value was denied.

Also, on cross-examination Kitzmiller acknowledged that plaintiff's attorney had consulted with a professional appraiser and had obtained a report from him as to the value of the land; that the attorney had communicated this figure to Kitzmiller in the course of preparation for trial; and that information from the appraiser through plaintiff's attorney was a factor in Kitzmiller's opinion as to value. Ball's motion to strike this testimony as to after-damage value was likewise denied.

■ Having examined the record, we conclude that the trial judge did not err in denying Ball's motion for a directed verdict. Viewing the evidence in the light most favorable to plaintiff, as we are required to do on motion for directed verdict, *James v. Carnation Co.*, 278 Or 65, 562 P2d 1192 (1977), we find that there was sufficient evidence to make a jury question on whether the erosion was caused by Ball's negligence and whether the steps Ball took to minimize the damage were sufficient. The evidence boils down to this: Following the prolonged work stoppage Ball assessed the situation and concluded that it still could finish the project ahead of the rainy season. The elements, however, turned against it and Ball did not complete all the necessary measures to prevent erosion of the fill onto plaintiff's land.

■ As to Ball's contention that the motion should have been granted because the evidence of damage was speculative, we do not agree. If, as Ball concedes, Kitzmiller was qualified to testify as to the value of the property before the damage, we are unable to see under the evidence here why he would not be qualified to give an opinion as to its value after the damage. He based his opinion on his active part in purchasing the property in 1969, his familiarity with the improvements on the property, and his familiarity with the cost of leveling and improving similar land.

[107]

■ Ball also challenges Kitzmiller's reliance in part on an undisclosed valuation figure arrived at by a professional appraiser hired by plaintiff's attorney, who was not called as a witness.

As already noted, Kitzmiller was duly qualified as an expert witness on valuation. As such, he could consider the opinions on valuations by other experts in the course of arriving at his own considered opinion in this case. *See State Highway Com. v. Arnold et al*, 218 Or 43, 70-71, 341 P2d 1089, 343 P2d 1113 (1959); *cf., Lewis v. Baker*, 243 Or 317, 413 P2d 400 (1966), *overruled on other grounds, McEwen v. Ortho Pharmaceutical*, 270 Or 375, 398, 528 P2d 522 (1974).

■ Nor do we regard as error the court's refusal to strike Kitzmiller's opinion on damage because he may have considered the amount paid for the previous leveling and bringing the land in question to grade for the foundry. That he did in fact consider prior costs, notwithstanding the trial judge's previous ruling to the contrary, is unclear from his testimony. However, assuming *arguendo* that such was the impact of this part of his testimony and that the same was error in view of the court's prior ruling, we do not regard this as reversible error. Kitzmiller testified that the silt cast upon plaintiff's land would have to be removed before any future construction could begin, and that he considered this cost in arriving at his estimate of the value of the land after the damage.[1] There was sufficient other evidence of damage to sustain the jury's verdict.

Affirmed.

---

[1] It should be pointed out that Ball makes no contention that Kitzmiller's testimony was barred in toto under the rule in *Highway Com. v. Assembly of God et al*, 230 Or 167, 368 P2d 937 (1962), which held that if the owner of the land sought to be condemned is a corporation, an officer may not testify as to the value without specific qualifications.

Further, Ball did not object on the ground that Kitzmiller was not qualified as an expert witness because of his lack of training and experience.